UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA ex rel. | ) | |
| ANTHONY SPAULDING, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | 09 C 1951 |
| | ) | |
| ANTHONY RAMOS, Warden, | ) | |
| Stateville Correctional Center, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM OPINION

CHARLES P. KOCORAS, District Judge:

Before the Court is Respondent Anthony Ramos' Motion to Dismiss and Anthony Spaulding's Motion for Stay and Abeyance. Because the present petition is Mr. Spaulding's second petition over which we have no jurisdiction, we must grant the Respondent's motion and dismiss the petition. We also deny Mr. Spaulding's motion to stay his habeas petition.

## BACKGROUND

On March 14, 1997, petitioner Anthony Spaulding ("Spaulding") was convicted of two counts of first degree murder and two counts of attempted armed robbery in Cook County Circuit Court. On April 11, 1997, the trial court sentenced Spaulding to two concurrent terms of life imprisonment. Spaulding appealed his conviction; the

Illinois Appellate Court for the First District affirmed on May 28, 1998. The Illinois Supreme Court denied Spaulding's petition for leave to appeal in October 1998.

Since direct review of his conviction ended in 1998, Spaulding has filed several collateral challenges to his conviction in both state and federal courts. Spaulding filed his first petition for state post-conviction relief in April 1999. On April 26, 1999, a Cook County Circuit Court judge dismissed the petition as untimely and without merit. The Appellate Court affirmed and on July 5, 2000 the Illinois Supreme Court denied leave to appeal. After the dismissal of his first state-court petition Spaulding sought a writ of habeas corpus in this court under 28 U.S.C. § 2254. We dismissed that petition as time-barred on August 27, 2001. *Spaulding v. Briley*, No. 01 C 3250 (N.D. Ill. Aug. 27, 2001). Spaulding returned to Illinois court to file a second post-conviction petition on January 31, 2001, which the trial court denied on February 23, 2001. Spaulding submitted a third petition for post-conviction relief on April 30, 2002. The trial court eventually denied this last petition on September 13, 2008. The Appellate Court once again affirmed the denial on December 10, 2008, and the Illinois Supreme Court denied Leave to Appeal on February 11, 2009.

Spaulding filed his original second petition for federal habeas relief on March 30, 2009. We granted Spaulding leave to amend his petition on April 3 of this year and Spaulding submitted this amended petition on May 4. On May 15, Respondent Anthony Ramos ("Ramos") filed this motion to dismiss Spaulding's petition.

**DISCUSSION**

Ramos argues that we should dismiss Spaulding's petition as an unauthorized second or successive petition. The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") requires that a person wishing to file a "second or successive" habeas petition must first apply to the appropriate court of appeals for an order authorizing the district court to consider the application. 28 U.S.C. § 2244(b)(3)(A); see also 7th Cir. R. 22.2 (establishing procedures for applications to file second habeas petitions). The statute gives subject-matter jurisdiction over such petitions to the Court of Appeals; a district court "must dismiss a second or successive petition . . . unless the court of appeals has given approval for its filing." *Lambert v. Davis*, 449 F.3d 774, 777 (7th Cir. 2006) (quoting *Nunez v. United States*, 96 F.3d 990 (7th Cir. 1996)).

Spaulding filed his first petition for federal habeas relief in April of 2001. In his first petition (as in his second) Spaulding challenged the constitutionality of his imprisonment for his 1997 conviction. We ultimately dismissed the first petition as time-barred under AEDPA's statute of limitations. *See Spaulding v. Briley*, No. 01 C 3250, (N.D. Ill. Aug. 27, 2001); 28 U.S.C. § 2244(d) (providing statute of limitations). Spaulding's present habeas petition challenges his confinement pursuant to the same state-court judgment that he challenged in his first habeas petition in 2001 making it a second petition under 28 U.S.C. § 2244(b)(3)(A). *See Burton v. Stewart*, 549 U.S. 147, 153 (2007) (discussing requirements for "second or successive" petition);

*see also Altman v. Benik*, 337 F.3d 764, 766 (7th Cir. 2003) (holding that prior petitions dismissed for untimeliness are taken into account when determining whether current petition is "second or successive" under AEDPA). Only the Seventh Circuit may permit Spaulding to file a second or successive habeas petition; absent that authorization we are unable to entertain his petition or any of the claims therein. *Nunez*, 96 F.3d at 991.

Though Spaulding spends much of his reply brief challenging the court's dismissal of his first petition as untimely, preclusion rules prohibit us from reconsidering that issue. *See Pavlovsky v. Vannatta*, 431 F.3d 1063, 1064 (7th Cir. 2005) (holding that "basic principles of preclusion now applicable to habeas" generally bar relitigation of issues in habeas petition dismissed as untimely). Spaulding had an opportunity to argue this question when the timeliness of his first petition was challenged and we will not reconsider the matter at this time. Spaulding's present petition is a "second or successive" petition and he has not presented evidence that he received authorization to file from the Seventh Circuit; we therefore lack jurisdiction over the petition and must dismiss it. 28 U.S.C. § 2244.

Spaulding attempts to avoid dismissal of his petition by claiming that he is actually innocent of the crimes for which he is imprisoned. We construe Spaulding's argument to mean that he qualifies for authorization to file a second habeas petition under the criteria listed in § 2244(b)(2)(B). That is for the Court of Appeals to decide. As we stated earlier, AEDPA explicitly requires an individual to obtain the approval of

the appropriate Court of Appeals before he may file a second or successive habeas petition in the district court. 28 U.S.C. § 2244(b)(3)(A). AEDPA further directs the Circuit Court to deny permission to file a second habeas petition unless the factual basis for the applicant's claim "could not have been discovered previously through the exercise of due diligence and the facts underlying the claim would be sufficient to establish, by clear and convincing evidence, that but for constitutional error no reasonable fact finder would have found the applicant guilty" of the charged offense. 28 U.S.C. § 2244(b)(2). Though we have no jurisdiction to determine whether Spaulding has met the requirements of § 2244(b)(2), we only note that the standard set forth in § 2244(b)(2) is a rigorous one. Spaulding's proffered support for his claim of actual innocence consists of an affidavit from a co-defendant and Spaulding's own unsupported allegations of police coercion. Given the limited nature of Spaulding's evidence, we think it unlikely that Spaulding has enough to convince the Court of Appeals to allow him to file a second habeas petition.

Spaulding also expresses in his reply brief that he interpreted our minute order of April 6, 2009, granting leave to file an amended habeas petition as a guarantee that we would not dismiss his petition. This reliance is unwarranted. A court does not consider the merits of petitions as they are filed; a decision is possible only after all parties are given a full opportunity to present their respective positions. Our provision

of thirty additional days for Spaulding to file an amended habeas petition did not signal

any commentary on any issue beyond the motion to extend.

Our lack of jurisdiction over Spaulding's second habeas petition also requires us

to dismiss Spaulding's "Motion To Hold Federal Habeas Petition In Abeyance". As

with Spaulding's habeas petition, we have no jurisdiction to consider this motion. The

motion is dismissed for lack of jurisdiction. Even if that were not the case, the "stay and

abeyance" procedure is only available to first-time habeas petitioners who file their

petitions within the 1-year statute of limitations period and present petitions with both

unexhausted state claims (federal constitutional claims not yet presented in a state court)

and exhausted state claims. *See Rhines v. Weber*, 544 U.S. 269, 271-75 (2005)

(discussing stay and abeyance procedure). Because this is Spaulding's second petition,

the stay and abeyance mechanism would not be available to him. 28 U.S.C. § 2244.

## CONCLUSION

Because we lack jurisdiction to consider Spaulding's second habeas petition,

Ramos's motion to dismiss Spaulding's habeas petition is granted. Spaulding's motion

for a stay is dismissed.


_____
Charles P. Kocoras
United States District Judge


Dated:    September 23, 2009